# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Sandor Anival Cordova Carballo, et al., | Case No. 2:20-cv-02196-APG-BNW |
| Plaintiffs, | |
| v. | **Order/R&R** |
| William Barr, et al., | |
| Defendants. | |

Before the Court is a motion by defendants[1] to strike plaintiffs' amended complaint. ECF No. 2. Plaintiffs opposed the motion, ECF No. 5, and also filed a motion to file a second amended complaint, ECF No. 6. For the reasons explained below, the Court orders that the motion to strike is denied as moot, recommends that the motion to amend be denied in part, and orders that the motion to amend is granted in part.

**I.    Background**

Plaintiffs are over two dozen persons being held in civil immigration detention at Nevada Southern Detention Center ("NSDC"). ECF No. 1. Broadly speaking, plaintiffs allege in the operative complaint that the conditions at NSDC place them at substantial risk of contracting and falling gravely ill with COVID-19. *Id.* at 2. They therefore challenge the conditions of their confinement and bring suit against NSDC's warden and assistant warden and various federal officials in charge of administering and enforcing the immigration laws. *Id.*; *id.* at 18–19.

This matter began as a hybrid habeas and civil rights action with a different case number. ECF No. 1, *Cordova Carballo v. William Barr*, Case No. 2:20-cv-01315-APG-BNW. There, defendants moved to dismiss the entirety of the complaint. Ultimately, the district judge dismissed plaintiffs' habeas claims for lack of jurisdiction and failure to state a viable claim for

---
[1] The moving defendants are William Barr, Chad Wolfe, Matthew Albence, and Thomas Feeley. ECF No. 2 at 1 n.1.

habeas relief. ECF No. 46 at 11–12, *Cordova Carballo v. William Barr*, Case No. 2:20-cv-01315-APG-BNW.  The Court likewise dismissed as moot the claims by the following plaintiffs who were no longer detained at NSDC: Hector Perez Alvares, Mojahamed Betiche, Bambang Budiano, Sandor Anival Cordova Carballo, Jose Rodolfo Castellanos, Jose Seron Figueroa, Edgar Ramirez Garcia, Eduardo Gallardo Gonzalez, Jerardo Guerrora, Sudhamma Kukulpane, Julian Martin, Israel Mendoza, and Yupanqui Sanchez. *Id.* at 14.  Finally, the district judge held that this matter would "proceed on the civil rights claims of the remaining plaintiffs" and authorized plaintiffs to amend their complaint. *Id.* at 15.

Plaintiffs filed their amended complaint, and defendants promptly moved to strike it because it supposedly failed to conform to the district judge's order. ECF Nos. 51 at 52, *Cordova Carballo v. William Barr*, Case No. 2:20-cv-01315-APG-BNW.  Because this matter no longer had a habeas component, the district judge directed the clerk of court to administratively close the hybrid habeas matter, open the underlying case as a civil rights action in all respects, and detach and separately docket plaintiffs' amended complaint and defendants' motion to strike in the new case. ECF No. 60, *Cordova Carballo v. William Barr*, Case No. 2:20-cv-01315-APG-BNW.

The Clerk of Court did so. ECF Nos. 1 and 2.  Plaintiffs have since opposed defendants' motion to strike and, in tandem, filed a motion to file a second amended complaint ("SAC"). ECF Nos. 5 and 6.  Defendants, in turn, opposed plaintiffs' motion. ECF No. 10.

## II. Legal Standards

### a. Amendment under Rule 15

Generally, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*.

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend": (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint." *United States*

*v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). The Court need not consider all of these factors in each case. *Wizards of the Coast LLC v. Cryptozoic Entertainment LLC*, 309 F.R.D. 645, 649 (W.D. Wash. 2015). But prejudice to the opposing party is the touchstone of the inquiry, and undue delay is "by itself insufficient to justify denying leave to amend." *Id.* (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999)).

"The standard for granting leave to amend is generous." *Corinthian Colls.*, 655 F.3d at 995. And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("party opposing amendment bears the burden of showing prejudice"); *United States for use & benefit of Source Helicopters, Div. of Rogers Helicopters, Inc. v. Sayers Constr., LLC*, 2020 WL 3643431, at *1 (D. Nev. July 6, 2020) ("The party opposing amendment holds the burden to demonstrate futility."); *Akinola v. Severns*, 2015 WL 456535, at *2 (D. Nev. Feb. 2, 2015) ("party opposing the amendment carries the burden of showing why leave to amend should not be granted.").

### b. Striking pleadings

Rule 12 authorizes the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Pleadings have limited importance in federal practice, so motions to strike are generally disfavored. *Cortina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1174, 1182 (S.D. Cal. 2015) (citation omitted). In determining whether to strike material under Rule 12, the Court views the targeted pleading in light most favorable to the pleader. *Grano v. Sodexo Mgmt., Inc.*, 2020 WL 7074905, at *7 (S.D. Cal. Dec. 3, 2020).

The Local Rules similarly authorize the Court to strike any document that does not conform to an applicable Federal Rule of Civil Procedure. LR IA 10-1(d).

### III. Analysis

#### a. Motion to strike

Defendants' motion to strike focuses on how the amendments in the complaint at ECF No. 1 are broader than what the district judge authorized in his order dismissing the hybrid habeas matter. ECF No. 2 at 2. Defendants claim that at this stage of the litigation, Rule 15 authorizes amendment only with consent of the parties or leave of the court. *Id.* at 3. Thus, according to defendants, any amendments not authorized by the Court violate Rule 15 and should therefore be struck. *Id.*

True, the district judge's order did not expressly authorize plaintiffs to add new claims, previously dismissed plaintiffs, or new defendants. However, in response to defendants' motion to strike, plaintiffs filed a motion to amend their complaint. It does not appear that the district judge's order restricted plaintiffs from seeking further leave to amend under Rule 15. The Court will therefore analyze the propriety of amendment under Rule 15.

An amended complaint supersedes all previous complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). So, to the extent plaintiffs are entitled to file an amended complaint, the defendants' motion to strike would be moot unless the proposed amendment would violate a directive from the district judge's order permitting amendment. The Court finds that the proposed amendment does not violate a directive by the district judge, and plaintiffs are entitled to Rule 15 relief.[2] Therefore, defendants' motion to strike will be denied as moot.

#### b. Motion to amend

Defendants raise several arguments in response to plaintiffs' motion to amend, but they do not cite to Rule 15 or articulate its governing legal standard. As such, defendants do not address bad faith, undue delay, prior amendment, or—the "touchstone" of the Rule 15 analysis—how

---

[2] To be sure, the district judge did dismiss certain plaintiffs' claims as moot because they were no longer incarcerated at NSDC, and those plaintiffs are again named in the proposed amended complaint. *See* ECF No. 46 at 14, *Cordova Carballo v. William Barr*, Case No. 2:20-cv-01315-APG-BNW. However, the moot claims were "for injunctive or declaratory relief regarding the conditions at NSDC." *Id.* Now, the returning plaintiffs appear to seek monetary damages for some of their claims, rather than injunctive relief. ECF No. 6-1 at 41–43; ECF No. 5 at 5 ("the Court dismissed the complaint as to the plaintiffs that had been transferred . . . [but] the [plaintiffs] have valid civil rights claims . . . for the time that they were incarcerated"). Defendants have not shown that the district judge's logic applies to the returning plaintiffs' claims for money damages. This does not mean, however, that the returning plaintiffs' money damages claims would necessarily survive a Rule 12 challenge.

defendants would be prejudiced by the proposed amendment. As stated, the burden is on defendants to show why amendment should be denied. Therefore, the Court will construe these factors against defendants and in favor of amendment. The Court turns now to the futility factor.

Rule 15 does not permit amendment where amendment would be futile. *Pullano v. NaphCare*, 2014 WL 4704587, at *5 (D. Nev. Sept. 23, 2014). An amendment is futile if the amended pleading could not withstand a Rule 12 challenge or if it is noncompliant with Rule 20's party-joinder rule. *Dorfman v. Mass. Casualty Ins. Co.*, 2015 WL 7312413, at *3 (C.D. Cal. Nov. 19, 2015) (citing *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)); *Palmer v. Cognizant Tech. Solutions Corp.*, 2021 WL 363235, at *3 (C.D. Cal. Jan. 7, 2021) (citing *Wolf v. C.I.A.*, 569 F. Supp. 2d 1, 11 (D.D.C. 2008)).

**A. Plaintiff Yassine Fadi**

The defendants' first argument appears to rely on Rule 20's party-joinder rules. Defendants assert that it is not "appropriate" for plaintiffs to add plaintiff Yassine Fadi. ECF No. 9 at 2. Defendants argue that Fadi's claims are materially different from those of the other plaintiffs because the allegations specific to him pertain to religious diet and retaliation, rather than COVID-19 risk factors, symptoms, or social distancing. *Id.*

Persons may join in one action as plaintiffs if (1) "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Under the first prong, the "same transaction" requirement "refers to similarity in the factual background of a claim." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). For the second prong, "a single question of law or fact common to all the parties joined" is sufficient. *Boulton v. US Tax Lien Ass'n, LLC*, 2016 WL 1461772, at *6 (E.D. Cal. Apr. 14, 2016) (citing *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). The common question need not predominate; that is a requirement for class actions, not permissive joinder. *Id.*

Here, defendants have not met their burden to show that the amendment adding plaintiff Fadi is futile under Rule 20. First, it is true that the allegations specific to Fadi focus heavily on

the alleged denial of Kosher meals and retaliation, but plaintiffs throughout the complaint speak in one voice about how the conditions at NSDC placed them at higher risk from COVID-19. ECF No. 6-1 at 2 (alleging that plaintiffs "challenge their continued detention under conditions of confinement that imperil their lives"). Thus, it appears that Fadi's claims will share at least one common question of fact or law.

To be sure, the district judge may still sever claims and parties even if they are consistent with the Rule 20's joinder rules. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, at 1295 (9th Cir. 2000). That determination lies within the discretion of the trial court. *Boulton*, 2016 WL 1461772, at \*6 (citation omitted). To make this determination, courts balance factors like the convenience and economy of one trial; the complexity of legal theories and factual proof; and potential prejudice if severance is granted. *Id.* But defendants neither articulate nor address these factors, so the argument is waived for purposes of plaintiffs' motion to amend.

However, Fadi's claims—as set forth in the proposed amended complaint—are futile because he is not named in the caption. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint **must** name all the parties") (emphasis added); *Rodriguez v. Hart*, 2019 WL 688210, at \*5 (C.D. Cal. Feb. 19, 2019) ("In any amended complaint he chooses to file, Plaintiff must list his own name and the names of all the Defendants in the proper spaces in the caption or the amended complaint will be subject to dismissal on that basis alone") (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Plaintiffs may move to amend their complaint to include Fadi in the caption, but they must first meet and confer with defendants pursuant to LR 1-3(f) and include a meet-and-confer certification. *See* LR 16-1(d) ("the court may order the parties to meet and confer to discuss a discovery plan, scheduling order, briefing schedule, or any other matters the court deems appropriate.").

**B. Brand new defendants**

Defendants next argue that the proposed amended complaint added brand new defendants "but failed to allege what specific conduct is being alleged and as to which defendant." ECF No. 10 at 2. The proposed amended complaint does indeed name the following new defendants: Pamela K. Lauer, Assistant Warden of NSDC; Mathew Cantrell, Acting Field Director of

Immigration and Customs Enforcement ("ICE"); Gabriel C. Ruiz, Supervisory Detention and Deportation Office for ICE; and Tom Simic, chaplain at NSDC. The complaint clearly alleges that these defendants "materially misrepresented"—to the government and general public— "ICE's capacity to contain COVID-19." ECF No. 6-1 at 31. These defendants were supposedly "aware of the limited capacity of the [NSDC] that there was no way to comply with the medical protocols stated" by medical professionals. *Id.* Further, these same defendants allegedly failed to implement "sufficient protocols to responsibly protect plaintiffs from COVID-19." *Id.* at 32.

In light of the above allegations, and contrary to defendants' assertion, plaintiffs have alleged conduct as to the newly named defendants. To the extent defendants instead mean to argue that the conduct alleged is insufficient to state a claim upon which relief can be granted, that argument—set forth in a single sentence in defendants' brief and without citation to any authority—is underdeveloped.

**C. Eighth Amendment claim in Count 2**

Defendants next argue that the proposed amended complaint contains a newly added Eighth Amendment claim. ECF No. 9 at 2. This claim, according to defendants, is futile because the defendants are civil detainees, which means that the Eighth Amendment does not apply. *Id.* Plaintiffs respond that immigration detainees should receive the same level of protection as pretrial detainees and that the conditions of confinement for civil detainees must be superior to those of convicted and even pretrial detainees. ECF No. 15 at 6.

Plaintiffs' Eighth Amendment claims are futile. Plaintiffs allege in the proposed amended complaint that the conditions of their confinement constitute "cruel and unusual punishment" in violation of the Eighth Amendment. ECF No. 6-1 at 41. Plaintiffs, however, are civil detainees, not convicted persons. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Civilly-detained individuals "can assert a conditions-of-confinement claim only under the [Fifth or] Fourteenth Amendment's guarantee of 'substantive due process,' not the Eighth Amendment's prohibition on cruel and unusual punishment." *Mackenzie v. Hutchens*, 2013 WL 8291423, at *3 (C.D. Cal. Sept. 9, 2013); *Pimentel-Estrada v. Barr*, 458 F. Supp. 3d 1226, 1243 n.9 (W.D. Wash. 2020) ("Petitioner is protected by the Fifth Amendment because he is a federal civil detainee.").

Plaintiffs recognize this conclusion in their proposed amended complaint. ECF No. 6-1 at 33 ("Because detained immigrants are civil detainees, their constitutional protections while in custody are derived from the Fifth Amendment"). Because plaintiffs are civil detainees, the Eighth Amendment does not apply. The Court, therefore, will recommend that the motion be denied to the extent it asserts an Eighth Amendment claim.

### D. Section 1983 claim against CoreCivic's employees

Defendants further argue that plaintiffs' § 1983 claims are futile against CoreCivic's employees. Section 1983 "provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Columbia." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). None of the defendants appear to be state actors. Defendants Koehn, Lauer, and Simic all work at the NSDC, but "[t]he [NSDC] is not a state prison, and its employees are not acting under color of state law." *Adams v. Koehn*, 2020 WL 4495268, at *1 (D. Nev. Aug. 4, 2020). Plaintiffs' § 1983 claims are therefore futile, and the Court will recommend that the motion to amend be denied to this extent.

### E. *Bivens* claim against CoreCivic's employees

Defendants argue that plaintiffs' *Bivens* claims against CoreCivic's employees are futile because CoreCivic is a private company, and its employees are not federal employees. For this proposition, defendants rely on authority which states that "[a]s a private company, CoreCivic may not be held liable in a *Bivens* action as a matter of law." ECF No. 9 at 3. That argument misses the mark. The quoted proposition addresses whether CoreCivic *itself* can be sued under *Bivens*, not CoreCivic's employees. Moreover, "*Bivens* actions are not categorically prohibited when the defendant is an employee of a private entity." *Bacon v. CoreCivic*, 2020 WL 3100827, at *8 (D. Nev. June 10, 2020) (citing *Minneci v. Pollard*, 565 U.S. 118, 131 (2012)). It is certainly possible that *Bivens* does not extend to the specific factual context alleged in the complaint. But defendants' argument does not go that far, so it is rejected.

### F. Tort claims in Counts 3–5

Defendants assert that plaintiffs added brand new tort claims without complying with the administrative requirements outlined in the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §

1346(b). Under that subsection, the trial court has exclusive jurisdiction over civil actions "on claims against the United States, for money damages, . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the government" if the United States would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b)(1). For purposes of the FTCA, a suit against a government official in their official capacity is a suit against the government. *Ibrahim v. Dept. of Homeland Sec.*, 538 F.3d 1250, 1258 (9th Cir. 2008). Therefore, when federal officials are sued in their official capacities, they, "like their employer, cannot be liable for state-law torts unless Congress has waived the United States' sovereign immunity." *Id.* Congress did so under the FTCA, but only "if a plaintiff first exhausts his administrative remedies." *Id.* (citing 28 U.S.C. § 2675(a)).

To exhaust administrative remedies under the FTCA, the plaintiff must present a claim "to the appropriate federal agency"; the claim is exhausted if the agency denies the claim in writing or fails to make a final disposition within six months after it is filed. 28 U.S.C. § 2675(a). The trial court lacks subject-matter jurisdiction over an FTCA claim unless it is exhausted. *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011).

Here, defendants target only the new tort claims. Those claims are for negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress. ECF No. 6-1 at 42–43. The claims are seemingly asserted against all defendants in their official capacities. *Id.* at 18–20, 32.

When federal-question jurisdiction under the FTCA is lacking from the face of the complaint, it is subject to dismissal under Rule 12. *Plante v. U.S.*, 2009 WL 2045692, at *2 (S.D. Cal. July 8, 2009). Plaintiffs did not allege that they exhausted their administrative remedies for their tort claims. Therefore, the newly added tort claims are futile as asserted against all **except** the following three defendants: Brian Koehn, Pamela K. Lauer, and Tom Simic. These three defendants all work at NSDC, which is "a detention facility that is privately owned by CoreCivic and houses federal inmates and detainees." *Adams v. Koehn*, 2020 WL 4495268, at * 1 (D. Nev. Aug. 4, 2020). The defendants' argument (set forth in a single sentence in their brief) has not

convinced the Court that the tort claims asserted against Koehn, Lauer, and Simic fall under the FTCA.[3] If the claims do not fall under the FTCA, then FTCA-exhaustion is not required. Accordingly, the Court will recommend that the motion to amend be denied to the extent it asserts Counts 3–5 against all defendants **except** Koehn, Lauer, and Simic.[4]

\* \* \* \* \*

In sum, the Court will recommend that the motion to amend be denied to the following extent: amendment to add plaintiff Yassine Fadi should be denied because amendment would be futile given that he is not named in the caption; amendment as to Count 2 should be denied as futile because the Eighth Amendment does not apply to plaintiffs; amendment as to the tort claims in Counts 3–5 should be denied as against all but Koehn, Lauer, and Simic because federal-question jurisdiction under the FTCA is lacking from the face of the proposed amended complaint; amendment to assert a § 1983 claim against the CoreCivic defendants should be denied as futile because those defendants are not acting under color of state law.

With respect to the remainder of the proposed amended complaint, defendants have not carried their burden of showing that amendment would be futile. Further, and as stated above, the defendants failed to address the remaining Rule 15 factors (i.e., bad faith, undue delay, prior amendment, and prejudice), so these factors are construed against them. Accordingly, the motion will otherwise be granted.

---

[3] In other words, the defendants have not convinced the Court that the claims against Koehn, Lauer, and Simic are claims "against the United States" for "personal injury . . . caused by . . . any employee of the government." *See* 28 U.S.C. § 1346(b)(1).

[4] The Court notes that plaintiffs may, in fact, have exhausted their administrative remedies and simply omitted those allegations from their complaint. If this is so, they may file a motion for further amendment, which the Court will consider. But if plaintiffs have asserted unexhausted FTCA claims in their complaint, the claims are subject to dismissal. *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1245–46 (9th Cir. 2017) (citing *McNeil v. United States*, 508 U.S. 106 (1993)). Further, any future motion to amend must include a meet-and-confer certification under LR 1-3(f).

## IV. Conclusion

**IT IS THEREFORE ORDERED** that defendants' motion to strike (ECF No. 2) is DENIED as moot.

**IT IS RECOMMENDED** that the motion to amend (ECF No. 6) be DENIED in part as follows:

- amendment to add plaintiff Yassine Fadi should be denied as futile;
- amendment as to Count 2 should be denied as futile;
- amendment as to Count 3 should be denied as futile as against all defendants except Koehn, Lauer, and Simic;
- amendment as to Count 4 should be denied as futile as against all defendants except Koehn, Lauer, and Simic;
- amendment as to Count 5 should be denied as futile as against all defendants except Koehn, Lauer, and Simic;
- amendment to assert a § 1983 claim against the CoreCivic employees should be denied as futile.

**IT IS FURTHER ORDERED** that the motion to amend (ECF No. 6) is otherwise GRANTED. The Clerk of Court is kindly directed to detach and separately docket ECF No. 6-1 as an amended complaint.

**IT IS FURTHER ORDERED** that the parties must meet and confer and submit a proposed Discovery Plan and Scheduling Order by July 28, 2021.

DATED: July 15, 2021.

Brenda Weksler
United States Magistrate Judge